**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**GWENDOLYN VARNER,**                                    **CIV. 05CV7919**
                                                                                **JUDGE SCHEINDLIN**

                  **Plaintiff,**                         **COMPLAINT**

                                                                                 **JURY TRIAL**
            **- against -**                          **DEMANDED**

**THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA AND STANDARD CHARTERED**
**BANK,**

                  **Defendants**
-------------------------------------------------------------------X

Plaintiff, GWENDOLYN VARNER, by her attorney, STEVEN J. FINKELSTEIN, as and for her complaint against the defendants, alleges as follows:

### THE PARTIES

      1.      The plaintiff, GWENDOLYN VARNER, is a resident of Sicklerville, Winslow Township, County of Camden, State of New Jersey.

      2.      At all times hereinafter mentioned the plaintiff herein mentioned was employed by the defendant, STANDARD CHARTERED BANK, , a corporation and/or banking business entity with its place of business in the County of New York, City and State of New York.

      3.      Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, hereinafter referred to as "PRUDENTIAL", is an insurance company licensed to do business in the State of New York. Prudential maintains an office in the State of New York, with a home office located in Newark, New Jersey.

## JURISDICTION

4.  The Court has jurisdiction of the matter pursuant to the Employee Retirement Income and Security Act of 1974 (hereinafter referred to as "ERISA"), as amended, 29 U.S.C. Section 1001, et.seq. and more particularly 29 U.S.C. Sections 1132 (a) (1) (b), 1132 (a) (3) and 1140 as well as 28 U.S.C. Sections 1331, 2201 and 2202.

## VENUE

5.  Venue is in the Southern District of New York pursuant to Section 502 (e) (2) of ERISA, 29 U.S.C. Section 1132 (e) (2) since the plan is administered in this district and the defendants maintain offices herein.

## AS AND FOR A FIRST CAUSE OF ACTION

6.  At all times hereinafter mentioned, the plaintiff, GWENDOLYN VARNER, was employed by STANDARD CHARTERED BANK.  Plaintiff began her employment with the company on or about the year 1978.

7.  As part of plaintiff's compensation package, PRUDENTIAL and/or STANDARD CHARTERED BANK, provided Long Term Disability Insurance.  Plaintiff was a "participant" within the meaning of ERISA section 29 U.S.C. 1002 (7) of her employer's benefit plan.

8. Defendant PRUDENTIAL, for good and valuable consideration, sold, executed and delivered to STANDARD CHARTERED BANK a Group Long Term Disability Policy bearing policy number 22699 (the PRUDENTIAL POLICY). The PRUDENTIAL POLICY was issued on the usual forms used and prepared by the defendant PRUDENTIAL.

9. The PRUDENTIAL policy was effective in the year 2000, the year plaintiff became disabled and has been continuously renewed on an annual basis and continues to be in full force and effect.

10. Benefits are due and vested under the PRUDENTIAL policy. At all times, the plaintiff, GWENDOLYN VARNER, has complied with all conditions necessary for her to receive benefits based on her disability.

11. PRUDENTIAL's long term disability policy provides as follows:

Total disability exists when PRUDENTIAL determines that all of these conditions are met:

(1) Due to sickness or accidental injury, both of these are true:

   (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

   (b) After the Initial Duration of a period of Total Disability, you are not able to perform, for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training, or experience. The initial duration is equal to the first 24 months of In-benefit.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

12. On or about March 11, 2000, plaintiff stopped work due to cervical spine, back and hip injuries suffered in a motor vehicle accident.

13. At the time she stopped work, plaintiff was employed by defendant, STANDARED CHARTERED BANK as an operations clerk.

14. As an employee of defendant, STANDARD CHARTERED BANK, plaintiff was covered by defendants', PRUDENTIAL's and STANDARD's long term disability policy.

15. Following plaintiff's accident noted above, she underwent an anterior cervical decompression and fusion in July of 2000.

16. Plaintiff came under the care of Doctors Victor Ho, Subbaraju Polepalli and Kenneth Cubert for the injuries to her cervical spine, back and hip related to the accident noted above.

17. As a result of the injuries sustained, and effects thereof, plaintiff received long term disability benefits under the policy above commencing September 16, 2000.

18. Said benefits were terminated effective February 1, 2001 by letter dated January 23, 2001 from defendant, PRUDENTIAL.

19. That determination was appealed on or about March 16, 2001.

20. By letter dated December 19, 2001 the termination of benefits as of February 1, 2001 was upheld by defendant, PRUDENTIAL.

21. This determination was again appealed on or about December 2, 2002.

22. By letters dated September 26, 2003 and September 29, 2003, plaintiff was awarded long term disability benefits once again for a period through September 15, 2002 by defendant, PRUDENTIAL.

23. Plaintiff appealed that decision on or about November 19, 2003 claiming further long term disability benefits from the September 15, 2002 date to the present.

24. No decision has been made on the pending appeal to date.

25. To prosecute further appeals would be futile at this juncture as defendants have failed to examine plaintiff since the denial and have demonstrated that such denial is entirely based on an arbitrary and capricious determination.

26. Defendants have disregarded a detailed narrative report dated March 1, 2003 from Dr. Kenneth Cubert (Board Certified in pain management) which gave plaintiff a total disability and inability to work among other medical evidence submitted in support of her continuing claim since the September 26th and 29th, 2003 denials.

27. Under the terms of defendant, PRUDENTIAL's policy, plaintiff is clearly entitled to long term disability benefits.

28. The Social Security Administration, through a decision by the Hon. Mark Sochaczewsky, Administrative Law Judge, dated August 7, 2001, awarded the plaintiff Social Security Disability Benefits, with an onset of disability as of March 11, 2000.

29. The award of Social Security disability benefits was based on the same evidence that was presented to the defendant PRUDENTIAL, and PRUDENTIAL has in fact taken an offset for these benefits.

30. Defendants' denial of Long Term Disability Benefits was arbitrary and capricious and in violation of ERISA.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if restated in their entirety.

32. The defendant, STANDARD CHARTERED BANK, is the plan administrator.

33. As plan administrator STANDARD CHARTERED BANK has accepted and adopted the determination of the defendant PRUDENTIAL.

34. By reason of the acceptance and adoption of the PRUDENITAL determination, STANDARD CHARTERED BANK is a proper party defendant.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff demands a judgment against the defendants containing the following relief:

a) a declaratory judgment that the defendants violated plaintiff's rights pursuant to ERISA;

b) that the Court direct the defendants to pay to plaintiff Long Term Disability Benefits from September 15, 2002, the date that benefits the subject of this lawsuit are due and owing and that such benefits continue in the future;

c) that the Court award responsible attorney's fees and costs of this action pursuant to ERISA, 29 USC Section 1132 (g);

    d)    that the Court award interest on any benefits from September 15, 2002, until the date of payment; and

    e)    any other relief as may be just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE BY A JURY.

Dated: Staten Island, New York
          September 7, 2005

/S/STEVEN J. FINKELSTEIN
STEVEN J. FINKELSTEIN (SF8393)
Attorney for Plaintiff
1164 Victory Boulevard
Staten Island, New York 10301
(718) 447-6300