UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GWENDOLYN VARNER,                                :

                       Plaintiff,           :        05 Civ. 7919 (SAS)

          - against -                       :

                                                   **ANSWER**

THE PRUDENTIAL INSURANCE COMPANY OF   :
AMERICA and STANDARD CHARTERED BANK,

                                           :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant Standard Chartered Bank ("Standard Chartered" or "Defendant"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to plaintiff's Complaint ("Complaint"), responds as follows:

THE PARTIES

       1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

       2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

       3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

## JURISDICTION

4. Defendant neither admits nor denies the allegations contained in paragraph "4" of the Complaint but refers the Court to the law cited therein.

## VENUE

5. Defendant neither admits nor denies the allegations contained in paragraph "5" of the Complaint but refers the Court to the law cited therein.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, leaves the Plaintiff to her proofs with respect thereto, and refers the Court to the law referenced therein.

8. Defendant admits that it received a group long term disability policy 22699 from Prudential, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

10. Defendant denies the allegations contained in paragraph "10" of the Complaint.

11. Defendant admits the allegations contained in paragraph "11" of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

17. Defendant admits that Plaintiff received long term disability benefits under the policy beginning on September 16, 2000, and denies the remaining allegations contained in paragraph "17" of the Complaint.

18. Defendant admits the allegations contained in paragraph "18" of the Complaint.

19. Defendant admits the allegations contained in paragraph "19" of the Complaint insofar as Plaintiff appealed the decision in 2001.

20. Defendant admits the allegations contained in paragraph "20" of the Complaint.

21. Defendant admits the allegations contained in paragraph "21" of the Complaint.

22. Defendant admits the allegations contained in paragraph "22" of the Complaint insofar as Plaintiff was notified by letters dated September 5 and September 26, 2003 of the extension of her long term disability benefits through September 15, 2002.

23. Defendant admits the allegations contained in paragraph "23" of the Complaint insofar as Plaintiff appealed Prudential's decision.

24. Defendant denies the allegations contained in paragraph "24" of the Complaint.

25. Defendant denies the allegations contained in paragraph "25" of the Complaint.

26. Defendant denies the allegations contained in paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in paragraph "27" of the Complaint.

28. Defendant admits the allegations contained in paragraph "28" of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

30. Defendant denies the allegations contained in paragraph "30" of the Complaint.

AS AND FOR A SECOND CAUSE OF ACTION

31. Defendant repeats each and every answer contained in paragraphs 1 through 30 with the same force and effect as if restated in their entirety.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

34. Defendant neither admits nor denies the allegations contained in paragraph "34" of the Complaint but refers the Court to the law referenced therein.

### DEMAND FOR RELIEF

a. Defendant denies the allegations of paragraph "a."

b. Defendant denies the allegations of paragraph "b."

c. Defendant denies the allegations of paragraph "c."

d. Defendant denies the allegations of paragraph "d."

e. Defendant denies the allegations of paragraph "e."

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and fulfilled its duties and responsibilities to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The cause of action set forth in the Complaint is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant, or its agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendant to Plaintiff.

WHEREFORE, defendant Standard Chartered Bank demands judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
December 23, 2005

                                                        Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                   By: s/Emily A. Hayes
                                          Fred N. Knopf (FNK 4625)
                                          Emily A. Hayes (EH 5243)
                                          *Attorneys for the Defendant Prudential Insurance Company of America and Standard Chartered Bank*
                                          3 Gannett Drive
                                          White Plains, New York 10604
                                          (914) 323-7000
                                          File No.: 09291.00412

1062830.1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2005, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Emily A. Hayes_____
Emily A. Hayes (EH 5243)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000, Ext. 4217
Facsimile (914) 323-7001
hayese@wemed.com